Good morning. Good morning. May it please the Court, Stephen Wax, Federal Defender, arguing on behalf of Mr. Hill. This case also involves conditions of supervised release imposed by Judge Mossman. Mr. Hill was convicted in 2002 of a drug offense. As far as I'm able to determine from the record, there was no reference to computer use at that time. He admitted a violation of supervised release recently for promoting prostitution, new law activity based on his plea of guilty in the Oregon State Court. The sole issue before this Court is whether the district court abused its discretion when it imposed three conditions involving search of computers, other similar devices, a cell phone, and a requirement that Mr. Hill provide information to the Probation Office about his access to the Internet and use of hardware and software. We believe that the condition was improperly imposed because there is no nexus in the record between computer use and Mr. Hill. Did he admit to helping his wife promote prostitution? That is correct. And her prostitution business was accomplished through an online website of some sort? That is correct. Would it be so? Why is there no nexus to computers in that circumstance? The imposition of supervised release needs to be based on an individual assessment of the activities of the particular supervisee. While it may be that a person would be liable in the general sense for acts committed by a co-defendant, a person in the supervised release condition setting should not be subjected to all the conditions that might be applicable to a co-defendant. And that's the situation here. Well, it's not simply a co-defendant. I mean, it is his wife, and it is wife whose prostitution he's acknowledged promoting. I'm not sure how the requirement for an individualized assessment that takes account of those facts means you've got to disregard what your life partner and co-conspirator both is doing. Well, Your Honor, we attempted to set out two hypotheticals in the reply brief that we believe address that situation. A person can participate in the promotion of prostitution under the Oregon law in a variety of ways. A person can, in the real world, participate in the promotion of prostitution, for example, as the driver of a car, shepherding a prostitute to and from her business activities. A person could also participate in the promotion by being the one who posts activity online. If a person is personally involved in the use of computers, then it seems to me it would be reasonable, there would be a nexus to say that that person's access to computers should be limited. If, however, that person's sole involvement is as the driver, then it seems to me that the requirement for individualized consideration and imposition of conditions of liberty on liberty would be inappropriate. We set out also, as another hypothetical example, a drug case where a person could be a cultivator and a marijuana grower. That's all that he's doing. Whether it is his wife or another co-conspirator sitting in a house using the computer to run the business is a separate set of acts when it comes to the statutory requirements that the conditions of release be as limited as possible and that they be individualized to the need to deter or rehabilitate the conduct of the individual on whom those conditions are being placed. It's my understanding that counsel represented to the court that the wife posted herself on Backpage.com and then that the probation officer represented that most prostitution is being promoted on the internet rather than walking in the streets. Now, if we're going to make that, so it seems to me we're looking at two different things here. We're looking, first of all, is this tethered in some way to what happened in this particular situation, which I think you can't say it isn't tethered. So the next place I go, I guess, is are the conditions narrowly tailored given what it is that I can see there's some connection there, too. I didn't see any argument in your brief or anyplace else that there was a problem to narrowly tailor these conditions. It seems to me that's an argument you didn't make. It seems to me your argument is there's no connection to what is particular here, but I guess I'd like to see where you argue that this was an overly broad condition or that they should be tailored in some place. Your Honor, I believe that the brief at Pages... I mean, I look pretty carefully. It seems to me that we're going toward connection in each one of these situations. What we're really saying is even though he's there with his wife in the car while it's happening, even though he agrees that he goes to the hotel and waits for his wife while she has these dates, even though we agree that the wife posts herself on the back page, even though most prostitution is being promoted on the Internet rather than walking in the streets, there's no connection. But if I go through there, I might say, well, let's look at this and see if these are too broad. But I didn't see any of that in your argument. Your Honor, at Pages 12 and 13 of the brief, Mr. Inegas identified some of the recent law from this circuit discussing the invasion of privacy in searches of cell phones and computers. It may not be the clearest articulation of an overbroad, overly invasive claim. I believe, however, that that claim is before the Court and is in the brief. What's the problem with the cell phone term? My impression of this event was that your guy was in a car with the undercover cop and they made the deal over a cell phone. The problem with the cell phone term is that today a cell phone is in essence a computer. And the requirement that the government be permitted to search the phone in its entirety Okay, but that's if that's an instrumentality of the crime. The cell phone is a somewhat more difficult argument for me to make than is the computer, given the manner in which the crime occurred. There's one point, Judge Smith, that I'd like to address in terms of what the probation officer said. And that gets me back to the point about the need for the government to sustain its burden of proof on individualized consideration. Well, the fact that you can say what the probation officer said, because as I understand it, the probation officer said, the current method that's being used in posting victims of human trafficking or prostitutes on various internet websites are using the phone and laptops. And I think it's necessary to monitor those because he's going to be out again. Absolutely correct. The problem is that does not relate to Mr. Hill. And because the government has the burden It doesn't relate to Mr. Hill because he suggests that he's promoting his wife's prostitution. And now the current method in doing that is using phones and laptops and internet websites. And so it doesn't relate. There is no proof. I mean, once again, the government must bear the burden of proving the nexus. One of the common conditions of supervised release, you stay away from your co-conspirators. But they can't do that because in this case, it's his wife. So he's bound to be together with her. And that's why I have difficulty saying we have to close our eyes or the court is expected to close its eyes to what she's doing and what has been acknowledged that she was doing, even though he's going to continue, presumably, to be together with her. They can't separate them. So why do we have to disregard the wife? Again, because the two individuals are participating in the offense in two different ways, which justify different intrusions on their liberty. Thank you. Thank you. If I have ten seconds left. Fair enough, Mr. Wax. Thank you. Ms. Zussman, welcome back. Thank you, Your Honor. May it please the Court, Kelly Zussman, appearing on behalf of the United States. The condition at issue in this appeal involving the computer is one that I think it's important to keep in mind that we're not talking about sentencing. We're not looking at punishing past conduct. The conditions of supervised release are designed to both reflect the past and predict the future. And that's what the probation officer's testimony really addressed, was the fact that it wasn't necessarily that Mr. Hill was the one who was actually doing the work of typing in the ad on Backpage.com. It was that the offense that he was involved in involved the Internet. It involved a computer. And it clearly involved cell phones. Now, Mr. Boutrous. Well, is that enough? I mean, let's disregard for a moment that the person who was involved in the offense was his wife. Isn't it true that there is authority that says if you're involved in a crime involving a group of people, you're not necessarily tagged with the specific activities of the other people? I don't know that there's necessarily authority, but I would agree with that general proposition, that simply if you were involved in a broad-based drug conspiracy, I certainly wouldn't attribute to the mule the workings of the kingpin. Well, is there any evidence here that this individual defendant used the computer as part of the offense? That Mr. Hill personally used the computer? Right.  There's nothing in the record. And I would suggest there doesn't need to be. Because the fact is he was involved in an offense that involved that. And again, in terms of predicting... Well, you've acknowledged that you wouldn't tag a mule with everything. He's not exactly a mule, but if it's not clear from the conviction, the fact of conviction doesn't tell us exactly what his role in promoting was, and we don't know that, I mean, there is no evidence that his role involved use of the computer. So why should we assume that use of the computer is something that should be supervised because of the risk of his criminal use of it? Well, in large measure, because as the probation officer testified, this is the way it works now. So if we want to ensure that Mr. Johnson, after he is released after 2015, does not go back into the business of promoting prostitution, we have to have access to his computer and cell phone. Because that's the way the business works now. So in order to ensure, and in order to deter him from reentering that business, we need that condition. And the fact that he was involved previously in an offense that involved all of these digital devices gives us that sufficient nexus. Unless there are any further questions. I just, again, this is also governed by an abuse of discretion. Judge Mossman tailored the conditions in this case specifically to Mr. Hill's situation, and so, therefore, I think Judge Mossman's conditions of supervision should be affirmed. Thank you, Ms. Usman. Mr. Wax, you get the last word. Thank you. Judge Smith, I did not turn to page 14 in response to your question about challenge to the extent of the conditions. On page 14, footnote 4 specifically addresses that issue and says this is overly invasive. With respect to the conditions that were imposed, the point that I would make is they refer to any and all. There is no limitation in the conditions imposed by Judge Mossman. It applies to every device, every program, and all media storage units. Today, that would include, for example, his television set. Many TVs now have those sorts of devices. That's just too broad. Thank you. Thank you, Mr. Wax. Ms. Usman, thank you. The case just argued is submitted. Good morning. Next is 11-35405, Sandow v. Wood. Each side will have 15 minutes.
judges: Silverman, Clifton, Smith